UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


CARLOS MCGREW  (#413135)

VERSUS                                                              CIVIL ACTION

WARDEN TEER, ET AL                                      NUMBER 07-702-JVP-DLD


**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 23, 2008.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


CARLOS MCGREW  (#413135)

VERSUS                                                                CIVIL ACTION

WARDEN TEER, ET AL                                      NUMBER 07-702-JVP-DLD


MAGISTRATE JUDGE'S REPORT

Before the court is Kenneth Stewart's Motion for Partial Summary Judgment for Failure to Exhaust Administrative Remedies . Record document number 16.  The motion is opposed.[1]

Pro se plaintiff, an inmate at Hunt Correctional Center, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Cornel Hubert, Assistant Warden Rayburn Teer, Maj. Kenneth Stewart and Deputy Warden James Bueche.  Plaintiff alleged that he was subjected to unconstitutional conditions of confinement in violation of his constitutional rights.

Maj. Stewart moved for partial summary judgment relying on a statement of undisputed facts, the results of Administrative Remedy Procedure (hereinafter ARP) EHCC-2007-760, and the affidavit of Kimberly Lemaire.

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56, Fed.R.Civ.P.  Supporting affidavits must set forth facts which would be admissible in

---

[1] Record document number 27.

evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e).

Plaintiff alleged that he was subjected to unconstitutional conditions of confinement in violation of his Eighth Amendment rights. Specifically, the plaintiff alleged that he was placed on restrictive cell confinement in which he was required to wear a paper gown. Plaintiff alleged that his sheets, toiletries and shower shoes were removed from his cell. Plaintiff alleged that his cell was cool at night and humid during the days.

Maj. Stewart moved for summary judgment on the grounds that the plaintiff failed to exhaust available administrative remedies before filing suit.

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, ___ U.S. ___ , 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson,* 385 F.3d

503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, ____ U.S. ____, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *Id.*, 126 S.Ct. at 2389-90. The 42 U.S.C. § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003).

The summary judgment evidence showed that the plaintiff filed ARP EHCC-2007-760 on June 13, 2007. Plaintiff complained that he was subjected to unconstitutional conditions of confinement while he was confined on restrictive cell status. On June 13, 2007, the plaintiff was advised by the ARP screening officer that his administrative grievance was placed on backlog pending exhaustion of other previously accepted administrative grievances. The summary judgment evidence showed that at the time the plaintiff filed his § 1983 suit on October 2, 2007, he had not yet received a response at either step of the two-step administrative grievance procedure. Plaintiff failed to exhaust available administrative remedies prior to filing suit.

In his affidavit in opposition to the defendants' motion for summary judgment, the plaintiff argued that he has exhausted available administrative remedies. However, the plaintiff's affidavit does not create a disputed issue of material fact which precludes summary judgment. Plaintiff did not allege, nor has he come forward with any evidence to establish, that available administrative remedies were exhausted at the time he filed his § 1983 suit. Defendant Kenneth Stewart is entitled to summary judgment as a matter of law.

RECOMMENDATION

It is the recommendation of the magistrate judge that Kenneth Stewart's motion for summary judgment be granted and the plaintiff's claims against him be dismissed without prejudice for failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a), but with prejudice to the refiling with in forma pauperis status.

Signed in Baton Rouge, Louisiana, on January 23, 2008.

**MAGISTRATE JUDGE DOCIA L. DALBY**